IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT CONNER, | ) | No. C 11-4464 LHK (PR) |
| Petitioner, | ) | ORDER DENYING MOTION FOR DEFAULT; GRANTING APPLICATION FOR AN EXTENSION OF TIME |
| v. | ) | |
| WARDEN GREG LEWIS, | ) | |
| Respondent. | ) | (Docket Nos. 13, 16) |

Petitioner, a state prisoner proceeding *pro se*, filed a federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for default judgment. He argues that Respondent failed to file his answer within ninety days, as ordered by the Court in its January 4, 2012 order to show cause.

On May 4, 2012, Respondent filed a motion for an extension of time to file his answer. In the motion, counsel for Respondent declared that she did not receive the order to show cause until April 20, 2012. Thus, counsel was unaware of the deadline which had already passed. The Court finds good cause for Respondent's untimeliness, and GRANTS Respondent's application for an extension of time. Respondent shall file a dispositive motion or answer on or before **June 4, 2012.** Petitioner shall file his opposition or traverse no later than **thirty days** thereafter.

In addition, a petitioner is not entitled to a default judgment where a respondent fails to respond timely to a petition for writ of habeas corpus. Title 28 U.S.C. § 2241(c)(3) provides that

Order Denying Motion for Default; Granting Application for an Extension of Time
G:\PRO-SE\SJ.LHK\HC.11\Conner464default.wpd

1  the writ of habeas shall not extend to a prisoner unless he is in custody in violation of the
2  Constitution, laws, or treaties of the United States.  Section 2243 provides that the Court shall
3  summarily hear and determine the facts and dispose of the matter as law and justice require.  It is
4  established that it is Petitioner's burden to show that he is in custody in violation of the laws of
5  the United States.  *Walker v. Johnston*, 312 U.S. 275, 286-87 (1941).  A failure by state officials
6  to comply timely with the deadlines set by the Court does not relieve Petitioner of this burden of
7  proof, nor does it entitle him to entry of a default or a default judgment.  *Gordon v. Duran*, 895
8  F.2d 610, 612 (9th Cir. 1990).  Petitioner's motion for a default judgment is DENIED.

   IT IS SO ORDERED.

DATED: 5/10/12

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Order Denying Motion for Default; Granting Application for an Extension of Time
G:\PRO-SE\SJ.LHK\HC.11\Conner464default.wpd     2