IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT ERIC CONNER, | ) | No. C 11-4464 LHK (PR) |
| Petitioner, | ) ) | ORDER DENYING RESPONDENT'S |
| vs. | ) ) | MOTION TO DISMISS; DENYING MOTION TO STAY; DENYING |
| WARDEN GREG LEWIS, | ) ) | MOTION FOR LEAVE TO AMEND; FURTHER SCHEDULING |
| Respondent. | ) ) | (Docket Nos. 18, 22) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a decision to validate him as an associate of a prison gang and ordering him to an indeterminate term in the Security Housing Unit. The Court ordered Respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as unexhausted and procedurally defaulted. Petitioner filed an opposition, and a motion to stay and hold the proceedings in abeyance. Respondent filed a reply, and Petitioner filed a response to the reply. Petitioner also filed a motion for leave to file a first amended petition, to which Respondent has filed an opposition. The Court directed Respondent to file a supplemental exhibit to assist in the Court's disposition of this motion, to which Respondent complied. Based upon the papers submitted, the Court DENIES Respondent's motion to dismiss, DENIES Petitioner's motion to stay, and DENIES Petitioner's motion for leave to file a first amended petition.

Order Denying Respondent's Motion to Dismiss; Denying Motion to Stay; Denying Motion for Leave to Amend; Further Scheduling
G:\PRO-SE\SJ.LHK\HC.11\Conner464mtd.wpd

**PROCEDURAL BACKGROUND**

In 2009, Petitioner was validated as a member of the Aryan Brotherhood and Nazi Low Rider Prison Gangs. On August 24, 2011, the California Supreme Court denied Petitioner's petition for writ of habeas corpus, case number S191063, with citations to *People v. Duvall*, 9 Cal. 4th 464, 474 (1979), and *In re Dexter*, 25 Cal. 3d 921, 925-26 (1979). (Mot., Ex. 1.)

On September 7, 2011, Petitioner filed the underlying federal petition for writ of habeas corpus challenging the decision to validate him. On May 18, 2012, Respondent filed a motion to dismiss the petition for failure to exhaust and as procedurally defaulted. (Docket No. 18.) On June 18, 2012, Petitioner filed an opposition to Respondent's motion to dismiss, and a motion to stay the proceedings and hold the proceeding in abeyance, stating that he had submitted another state habeas petition to the California Supreme Court, case number S203717. (Docket No. 19.) On June 28, 2012, Respondent filed a reply. (Docket No. 20.) On July 30, 2012, Petitioner filed a response to Respondent's reply. (Docket No. 21.)

On October 30, 2012, Petitioner delivered to the prison for mailing a motion for leave to file an amended federal petition as well as a proposed amended federal petition. (Docket No. 22.) On December 20, 2012, Respondent filed an opposition to the motion for leave to file the amended petition.

**DISCUSSION**

I.  Procedural Default

Respondent argues that Petitioner is precluded from obtaining federal habeas relief because Petitioner's claim is procedurally defaulted. A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question, and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). In those cases in which the state court decision is based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will

Order Denying Respondent's Motion to Dismiss; Denying Motion to Stay; Denying Motion for Leave to Amend; Further Scheduling
G:\PRO-SE\SJ.LHK\HC.11\Conner464mtd.wpd

2

result in a fundamental miscarriage of justice. *Id.* at 750. The state bears the burden of proving the adequacy of a state procedural bar. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003).

Here, on August 24, 2011, the California Supreme Court's summary denial of Petitioner's state habeas petition cited to *Duvall* and *Dexter*. (Mot., Ex. 1.) A citation to *Dexter* stands for the proposition that a petitioner must first exhaust administrative remedies before seeking state remedies. *See Dexter*, 25 Cal. 3d at 925-26. *Duvall* stands for the rule that a California habeas petition must state with "particularity the facts on which relief is sought," and also stands for the proposition that documentary evidence must be provided. *Duvall*, 9 Cal. 4th at 474. If a petition is dismissed for failure to state the facts with particularity, the petitioner may file a new petition curing the defect. *Gaston v. Palmer*, 417 F.3d 1030, 1037 (9th Cir. 2005); *see Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986). There is no reason the result should be any different when the defect in the state petition was a failure to attach documents rather than when the defect was a failure to plead with particularity. Neither are irremediable errors.

In his first petition to the California Supreme Court, Petitioner concedes that, although he exhausted his administrative remedies, copies of his administrative appeal papers were probably not included with his petition for filing (docket no. 19 at 1-2), so his state petition did not comply with the requirement in *Duvall* that he "include copies of reasonably available documentary evidence supporting the claim." *See Duvall*, 9 Cal. 4th at 474. Petitioner has attached proof that he exhausted his administrative remedies to his underlying federal petition. Based on the record, it appears that the absence of documentary evidence is what prevented the California Supreme Court from determining whether Petitioner administratively exhausted his remedies prior to filing his state petition.

Respondent has not demonstrated, and the Court has not found, California state cases that conclusively state one way or another whether Petitioner is now precluded from raising his claim in the state court. The California Supreme Court's citations to both *Dexter* and *Duvall* appear to state that Petitioner did not provide proof that he exhausted his administrative remedies prior to filing a state petition. While Respondent discusses whether *Dexter* is an independent and

Order Denying Respondent's Motion to Dismiss; Denying Motion to Stay; Denying Motion for Leave to Amend; Further Scheduling
G:\PRO-SE\SJ.LHK\HC.11\Conner464mtd.wpd

3

adequate state law, the Court concludes that a citation to *Dexter* in this particular case does not appear to preclude Petitioner from correcting this procedural deficiency, and then re-filing his state habeas petition. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991) (finding no federal procedural bar when it was not clear that Arizona rule would bar further state proceedings); *see, e.g.*, *English v. United States*, 42 F.3d 473, 477 (9th Cir. 1994) ("Unless the defendant has violated some rule which required him to raise a claim or forfeit it, there is no procedural default."); *cf. O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (finding claims procedurally defaulted if a petitioner fails to present them to the state's highest court, and he is precluded from presenting those same claims to the appropriate state court at the time he files his federal petition). That is, although this particular state petition was denied for procedural reasons, Petitioner's claim is not procedurally defaulted in state court – he may be able to bring them up in a new state petition – and thus the federal petition is not procedurally barred.

Accordingly, the Court concludes that a citation to *Dexter* in this case is not a procedural bar, but rather, an indication that the claim is unexhausted.

II.     Exhaustion

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rhines v. Webber*, 544 U.S. 269, 273 (2005).

Order Denying Respondent's Motion to Dismiss; Denying Motion to Stay; Denying Motion for Leave to Amend; Further Scheduling
G:\PRO-SE\SJ.LHK\HC.11\Conner464mtd.wpd

4

1    Respondent argues that the due process claim was not exhausted because the California
2 Supreme Court denied the claim with a citation to *Duvall*. *Duvall* articulates California's
3 procedural requirements that a California habeas petitioner allege with particularity the facts
4 supporting his claims, and that he include copies of available documentary evidence to support
5 his claim. *Duvall*, 9 Cal. 4th at 474.

6    As stated above, Petitioner argues that he believes some of his exhibits – specifically, the
7 copies of his administrative appeal – were not copied by the prison staff, and thus, were not sent
8 along with his state petition for filing. (Docket No. 19 at 1-2.) Petitioner refutes that he did not
9 sufficiently state facts to the California Supreme Court with particularity. (*Id.* at 2.) He submits
10 that he filed a new petition with the California Supreme Court with the required exhibits after
11 Respondent's motion notified him that his first state petition was denied on procedural grounds.
12 (*Id.* at 1-2.)

13   Where *Duvall* is cited for the proposition that the petitioner did not present his claims
14 with sufficient particularity or include copies of available documentary evidence, such a denial
15 can be cured in a renewed state petition. *See Kim*, 799 F.2d at 1319; *see, e.g.*, *Barrera v.*
16 *Attorney General of California*, No. 09-16222, 2012 WL 1926028, **1 (9th Cir. May 29, 2012)
17 (unpublished memorandum disposition). Although this denial is a procedural deficiency, it does
18 not *per se* establish a failure to exhaust state remedies. *See Kim*, 799 F.2d at 1319. Because
19 Petitioner maintains that the state procedural denial based on *Duvall* was erroneous because he
20 did allege his claims with particularity, a federal court must independently examine the petition
21 presented to the state court to determine whether the claims were fairly presented. *See id.* at
22 1319-20.

23   Here, Petitioner contends in his opposition that the claims were presented to the
24 California Supreme Court with sufficient particularity to satisfy the federal "fair presentation"
25 requirement. Respondent does not address this claim. To "fairly present" a claim for purposes
26 of exhaustion, a petitioner must provide the state court only with the operative facts "necessary
27 to give application to the constitutional principle upon which [the petitioner] relies," *Davis v.*
28

Order Denying Respondent's Motion to Dismiss; Denying Motion to Stay; Denying Motion for Leave to Amend;
Further Scheduling
G:\PRO-SE\SJ.LHK\HC.11\Conner464mtd.wpd

1  *Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (internal quotations and citations omitted), and cite
2  the pertinent constitutional right, *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). A review of
3  Petitioner's first petition to the California Supreme Court, case number S191063, shows that he
4  did so. (Mot., Suppl. Ex. 1.) Petitioner identified the specific constitutional right at issue, and
5  included a detailed account of how he believed the right was allegedly violated.

6  However, it does not constitute "fair presentation" if a claim is raised by a procedural
7  method which makes it unlikely that the claim will be considered on the merits. *See Castille v.*
8  *Peoples*, 489 U.S. 346, 351 (1989) (petition to state supreme court for the first and only time in a
9  context where the merits of the petition will not be considered unless "there are special and
10 important reasons therefor" is insufficient to satisfy "fair presentation"). It is not clear whether
11 the lack of reasonably available documentary evidence showing that Petitioner exhausted his
12 administrative remedies made it unlikely that the claim would be considered on the merits, *see*
13 *id*., and therefore, not fairly presented.

14 Nonetheless, even assuming the claim was not fairly presented because it did not include
15 documents demonstrating administrative exhaustion, when it would be futile or create undue
16 delay to strictly adhere to the exhaustion requirement, it is appropriate for a district court to
17 entertain a petitioner's claims on the merits despite incomplete exhaustion. *See* 28 U.S.C.
18 § 2254(b)(1)(B) (writ may be granted when "there is an absence of available State corrective
19 process" or "circumstances exist that render such process ineffective to protect the rights of the
20 applicant"); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("An exception is made [to the
21 exhaustion requirement] only if there is no opportunity to obtain redress in state court or if the
22 corrective process is so clearly deficient as to render futile any effort to obtain relief.").

23 Here, a review of Petitioner's second state habeas petition to the California Supreme
24 Court, case number S203717, was denied with a citation to *In re Miller*, 17 Cal. 2d 734, 735
25 (1941). (Docket No. 23, Ex. 1.) The Ninth Circuit has held that *Miller* means only that the
26 claim is being denied in the second petition on the same grounds as it was denied in the previous
27 petition – which is not the same thing as invoking a procedural bar. *See Kim*, 799 F.2d at 1319
28

Order Denying Respondent's Motion to Dismiss; Denying Motion to Stay; Denying Motion for Leave to Amend;
Further Scheduling
G:\PRO-SE\SJ.LHK\HC.11\Conner464mtd.wpd

6

n.1. Instead, the Court must "look through" the ruling based on *Miller* and treat it as being based on the same rationale as the prior ruling. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804 n.3 (1991) (state court decision "based on ineligibility for further state review" has no effect on availability of federal habeas; Court should look through the later decision to the last reasoned state court opinion).

Thus, the California Supreme Court denied Petitioner's second state habeas petition for (1) failing to state his claim with particularity and/or failing to attach documentary evidence, and (2) failing to administratively exhaust his claim. However, this Court has also reviewed Petitioner's second petition to the California Supreme Court and has determined that Petitioner sufficiently stated with particularity the facts to support his claim. Further, Petitioner demonstrated that he attached copies of his administrative grievances to this state petition to show that he exhausted his administrative remedies. And, finally, a review of his administrative grievances appears to show that he exhausted his administrative remedies.

Presumably, had prison officials copied and mailed copies of Petitioner's administrative grievances to the California Supreme Court in Petitioner's first petition, the Court would not have denied it with citations to *Duvall* or *Dexter*. Why the California Supreme Court believed Petitioner's second state habeas petition suffered from the same infirmities is unclear to this Court. At this point, if the Court were to dismiss this action for failure to exhaust, the Court cannot imagine how Petitioner could correct or amend his state petition to overcome the procedural deficiencies cited by the state's highest court. Moreover, if this Court were to dismiss Petitioner's federal petition for failure to exhaust, Petitioner would likely be untimely when he returned to federal court to re-file a federal petition. This Court will not make Petitioner choose between his state and federal remedies. The exhaustion requirement, while necessary, becomes unduly burdensome if applied in a manner that strips Petitioner of his opportunity to seek federal habeas review. There is no indication that Petitioner was at fault for failing to attach documentary evidence to his initial state habeas petition, or that he failed to exhaust his administrative remedies. Because of the unique procedural circumstances of the

Order Denying Respondent's Motion to Dismiss; Denying Motion to Stay; Denying Motion for Leave to Amend; Further Scheduling
G:\PRO-SE\SJ.LHK\HC.11\Conner464mtd.wpd

7

1  case, this Court will excuse the exhaustion requirement.

2  Defendants' motion to dismiss is DENIED.

## CONCLUSION

1. Respondent's motion to dismiss is DENIED. Petitioner's motion to stay and hold these proceedings in abeyance is DENIED as unnecessary. Petitioner's motion for leave to amend is DENIED.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and Respondent **shall** file with the court and serve on Petitioner a reply within **fourteen days** of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Order Denying Respondent's Motion to Dismiss; Denying Motion to Stay; Denying Motion for Leave to Amend; Further Scheduling
G:\PRO-SE\SJ.LHK\HC.11\Conner464mtd.wpd

IT IS SO ORDERED.

DATED: 2/8/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order Denying Respondent's Motion to Dismiss; Denying Motion to Stay; Denying Motion for Leave to Amend; Further Scheduling
G:\PRO-SE\SJ.LHK\HC.11\Conner464mtd.wpd

9