UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ERIC CONNER,<br><br>    Petitioner,<br><br>    v.<br><br>GREG LEWIS,<br><br>    Respondent. | Case No. 11-cv-04464-WHO (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner Scott Conner, a state prisoner proceeding pro se, seeks federal habeas relief because prison officials erroneously validated that he is a member of the Nazi Low Rider Prison Gang ("NLR") and placed him in the Secured Housing Unit ("SHU") of Pelican Bay State Prison. He asserts that his right to due process was violated. The record shows otherwise--Conner received notice of the validation decision and had an opportunity to be heard during the administrative appeal process. His petition for federal habeas relief is DENIED.

## BACKGROUND

Conner is serving a sentence of eleven years in state prison following his conviction for voluntary manslaughter. In January 2009, Pelican Bay Correctional Officers Stout and McKinney gathered evidence and source materials to establish that Conner was: (1) an associate of the Aryan Brotherhood Prison Gang, and (2) a member of the Nazi Low Rider Prison Gang ("NLR"). (Pet. at 3.) On March 24, 2009, Conner was interviewed by Stout

as part of prison official's investigation into Conner's gang affiliation claims. (*Id*. at 6.)

After the interview, Stout and McKinney confirmed that gang association labels would be placed in his file because of his association with both the Aryan Brotherhood Gang and NLR. (*Id*. at 7.) The evidence used to validate Conner as a member of the NLR included: (1) letters intercepted by correctional staff in which Conner discussed the housing locations of validated NLR gang members; (2) a confidential memorandum documenting the discovery of an address book belonging to Conner that contained the address of a third party identified by prison staff as an individual used by the NLR to funnel gang communication between gang members; and (3) a series of four "Roll Call" lists discovered in different gang members' cells that listed petitioner as "being in good standing" with the NLR. (Ans., Ex. 3.)

Conner filed an administrative appeal related to these gang validations. On June 30, 2009, he was interviewed by McKinney as part of the appeals process. (Pet. at 7.) After this interview, McKinney informed Conner that the Aryan Brotherhood Gang association label attached to his file would be retracted because it was not supported by sufficient evidence. (*Id*.) McKinney also, however, informed him that the requested redaction of the NLR validation had to be addressed further through the prison's internal administrative appeals process. (*Id*.)

On July 7, 2009, the second level of review related to the Conner's classification as an NLR member occurred. The appeal was denied by the prison warden. (Ans. at 2.) On August 25, 2009, Conner appeared at a classification committee hearing during which his NLR classification was upheld. (Pet. at 8.) As a result of this finding, he was sentenced to serve an indefinite term in the SHU which could be lifted at such time that he agreed to "debrief."[1] (*Id*.) Although Conner claims that he appealed this classification committee decision to the third, and final, level of administrative review (i.e. the Director's level of

---

[1] Debriefing requires that an inmate acknowledge that he is a gang affiliate and reveal everything he knows about his affiliated gang. (Pet. at 8.)

review), respondents dispute this claim in their answer and contend that he never fully exhausted his administrative remedies by appealing through to the final level of review. (Pet. at 8; Ans. at 2.)

On April 9, 2010, Conner filed a petition for writ of habeas corpus in Del Norte County Superior Court alleging that his due process rights were violated by his placement in SHU following his validation as an NLR prison gang associate. (Ans., Ex. 1.) He also claimed that his placement in the SHU constituted cruel and unusual punishment[2] but did not request specific relief in this issue. (*Id*. at 13–16.) The superior court denied the petition in a reasoned decision on the merits after conducting an *in camera* review of the confidential evidence used in the validation process and concluding that there was "some evidence" that Conner was an associate in good standing with NLR. (*Id*., Ex. 8.) The state appellate court summarily denied his petition, which raised the same claims. (*Id*. Exs. 9, 11.) Finally, Conner raised the same claims in a petition to the California Supreme Court, which denied the petition on grounds that Conner's failure to exhaust his administrative remedies rendered the petition procedurally deficient. (*Id*., Ex. 14.) Conner filed a second petition with the California Supreme Court in an attempt to correct his procedural deficiencies. (*Id*., Ex. 15.) The state supreme court dismissed this second petition because it suffered from the same procedural defects as the first petition.[3] (*Id.*, Ex. 16.) This federal habeas petition followed.

## DISCUSSION

Conner claims that the classification committee's findings violated his constitutional right to due process because the findings were not supported by "some evidence" in the record.

---

[2] The instant federal petition addresses only his due process claims. His claims regarding conditions of confinement were not found cognizable on federal habeas review. (Order to Show Cause, Docket No. 10, at 2.)

[3] Because the claims fail on the merits, it is unnecessary to consider respondent's contentions that the claims are barred by procedural default caused by a failure to exhaust.

3

Due process requires that the administrative segregation process meet minimal procedural requirements: prison officials must hold an informal hearing within a reasonable time after the prisoner is segregated; the prisoner must be informed of the reason segregation is being considered; and the prisoner must be allowed to present his views. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986) (overruled on other grounds by *Sandin v. Connor*, 515 U.S. 472, 481 (1995)). The administrative determination also must meet the "some evidence" standard of *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). *Bruce v. Ylst*, 351 F.3d 1283, 1287–88 (9th Cir. 2003). Because the standard for "some evidence" is not high, this Court need only decide whether there is any evidence at all that could support the prison officials' administrative decisions. *Id.* at 1287. The evidence supporting the administrative determination, however, must bear "some indicia of reliability." *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (citations omitted).

Here, the undisputed record shows that prison officials met the requirements of due process. Conner admits that he received notice of the decision and had several opportunities to present his views before the gang validation was approved. (Pet. at 3–8.) Prison officials met procedural due process requirements since Conner was granted a hearing, had an opportunity to be heard, and was duly informed of the reason for segregation.

In addition, prison officials had sufficient evidence to make their administrative decision. Prison officials cited three documents that supported their decision. Specifically, (1) letters intercepted by correctional staff in which Conner discussed the housing locations of validated NLR gang members; (2) a confidential memorandum documenting the discovery of an address book belonging to Conner that contained the address of a third party identified by prison staff as an individual used by the NLR to funnel gang communication between gang members; and (3) a series of four "Roll Call" lists discovered in different gang members' cells that listed petitioner as "being in good standing" with the NLR. That the items of evidence were not voluntarily submitted by an

4

inmate, but seized by prison officials pursuant to an investigation (e.g., the letters were intercepted, the lists were found in a search of different gang members' cells, the address book was found in Conner's cell) provides the requisite indicia of reliability. *See Madrid v. Gomez*, 889 F. Supp. 1146, 1273, n.221 (N.D. Cal. 1995). Each document constitutes "some" evidence bearing indicia of reliability. *See Bruce*, 351 F.3d at 1287.

Conner claims that he was not given an adequate opportunity to respond to the evidence because investigators failed to respond to the questions he put to them in writing during the interviews. Due process does not require that the committee answer questions that an inmate puts to it. It requires only notice and an opportunity to be heard. Those requirements have been met. Conner admits that he received notice of the decision, and had several interviews to present his views to the classification committee before the validation was approved. He was allowed to appeal the validation. As a result, habeas relief is not warranted. The state courts' rejection of this claim was reasonable and is entitled to AEDPA deference. Accordingly, this claim is DENIED.

## MOTION TO COMPEL DISCOVERY

Conner also moves to compel discovery (Docket No. 33). He asserts that respondent failed to comply with a discovery request he made in June 2013.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Before deciding whether a petitioner is entitled to discovery under Rule 6(a) the court must first identify the essential elements of the underlying claim. *Bracy*, 520 U.S. at 904. The court must then determine whether the petitioner has shown "good cause" for appropriate discovery to prove his claim. *Id.* Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id.* at 908–09

(citation omitted).

Conner's motion to compel discovery is DENIED for two reasons. First, Conner failed to seek authorization from the Court before attempting to conduct discovery. The Court cannot compel discovery that was not authorized. Second, and more importantly, if he had requested authorization it would not have been granted because he has not shown good cause or listed specific claims. He requests many documents, but fails to give any specific allegations about what such documents will show or prove, or what claims such discovery will support. He has not made specific allegations showing reason that if the facts are fully developed he will be able to demonstrate that he is entitled to relief. Given the record before the Court and the requests Conner made for discovery, there is no good cause to allow his requests.

## CONCLUSION

The state court's adjudication of Conner's claims did not result in a decision that were contrary to, or involved an unreasonable application of, clearly established federal law, nor did they result in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Conner may seek a certificate of appealability from the Ninth Circuit.

The Clerk shall terminate Docket No. 33, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** September 2, 2014

WILLIAM H. ORRICK
United States District Judge